Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
**WALSH PIZZI O'REILLY FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law

OF COUNSEL:
David I. Berl
Christopher J. Mandernach
Michael Xun Liu
Christie K. Corn
Molly K. Moore
Nicholas C. Fuenzalida
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
dberl@wc.com
cmandernach@wc.com
mliu@wc.com
ccorn@wc.com
mmoore@wc.com
nfuenzalida@wc.com

*Counsel for Plaintiffs BeOne Medicines USA, Inc. and
BeOne Medicines I GmbH*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BEONE MEDICINES USA, INC. and BEONE MEDICINES I GMBH<br><br>  *Plaintiffs*,<br><br>  v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC. and ZYDUS LIFESCIENCES LIMITED,<br><br>  *Defendant*. | Civil Action No._____<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br> **(Filed Electronically)** |

Plaintiffs BeOne Medicines USA, Inc. ("BeOne USA") and BeOne Medicines I GmbH (together with BeOne USA, "BeOne" or "Plaintiffs"), by their attorneys, file this Complaint for patent infringement against Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") and Zydus Lifesciences Limited ("Zydus Lifesciences," and together with Zydus USA, "Zydus" or "Defendants") and hereby allege as follows:

## Nature of the Action

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, that arises out of Zydus's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import generic versions of BRUKINSA® (zanubrutinib) tablets, 160 mg, prior to the expiration of U.S. Patent No. 10,927,117 ("the '117 patent"), U.S. Patent No. 11,591,340 ("the '340 patent"), U.S. Patent No. 11,851,437 ("the '437 patent"), U.S. Patent No. 11,884,674 ("the '674 patent"), U.S. Patent No. 11,970,500 ("the '500 patent"), U.S. Patent No. 11,701,357 ("the '357 patent"), U.S. Patent No. 11,786,531 ("the '531 patent"), U.S. Patent No. 11,896,596 ("the '596 patent"), U.S. Patent No. 11,911,386 ("the '386 patent"), and U.S. Patent No. 12,233,069 ("the '069 patent").  These patents are referred to collectively herein as the "Patents-in-Suit."

2.      Zydus notified Plaintiffs by letter dated January 19, 2026 ("Zydus's Notice Letter") that it had submitted to the FDA ANDA No. 220921 ("Zydus's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic zanubrutinib tablets, 160 mg, ("Zydus's ANDA Product") prior to the expiration of the

2

'117 patent, the '340 patent, the '437 patent, the '674 patent, the '500 patent, the '531 patent, the '596 patent, the '386 patent, and the '069 patent.

## The Parties

3.      Plaintiff BeOne USA is a corporation organized and existing under the laws of Delaware and having a place of business at 55 Cambridge Parkway, Suite 700W, Cambridge, Massachusetts 02142.  BeOne USA is the holder of New Drug Application ("NDA") No. 218785 for the manufacture and sale of zanubrutinib tablets, 160 mg, which has been approved by the FDA.

4.      Plaintiff BeOne Medicines I GmbH is a limited liability company organized under the laws of Switzerland, having its registered seat in Basel, Switzerland, and having a place of business at Aeschengraben 27, 4051 Basel, Switzerland.

5.      Upon information and belief, Defendant Zydus USA is a corporation organized and existing under the laws of New Jersey and having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

6.      Upon information and belief, Defendant Zydus Lifesciences is a corporation organized and existing under the laws of the Republic of India and having a principal place of business at Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, Ahmedabad, Gujarat, India, 382481.

7.      According to Zydus's Notice Letter, Zydus USA is a wholly owned subsidiary of Zydus Lifesciences.

8.      Upon information and belief, Zydus Lifesciences and Zydus USA acted in concert to prepare and submit Zydus's ANDA to the FDA.

9.      Upon information and belief, Zydus Lifesciences and Zydus USA know and intend that, upon approval of Zydus's ANDA, Zydus Lifesciences (or another entity affiliated with Zydus

Lifesciences) will manufacture Zydus's ANDA Product, and Zydus USA will directly or indirectly import Zydus's ANDA Product into the United States and market, sell, and distribute Zydus's ANDA Product throughout the United States, including in New Jersey. Upon information and belief, Zydus USA acts as Zydus Lifesciences's agent in the United States, including with respect to the filing of Zydus's ANDA and the marketing, sale, and distribution of Zydus's ANDA Product in the United States. Upon information and belief, Zydus Lifesciences and Zydus USA participated, assisted, and cooperated in carrying out the acts complained of herein.

10. Upon information and belief, following any FDA approval of Zydus's ANDA, Zydus Lifesciences and Zydus USA will act in concert to distribute and sell Zydus's ANDA Product throughout the United States, including within New Jersey.

### Jurisdiction

11. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

12. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

13. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Zydus Lifesciences and Zydus USA.

14. Upon information and belief, Zydus USA has a principal place of business in New Jersey.

15. Upon information and belief, Zydus is in the business of, among other things, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic versions of branded pharmaceutical products throughout the United States, including in New Jersey, through its own actions and/or through the actions of its agents and subsidiaries, from which Zydus derives a substantial portion of its revenue.

16. Upon information and belief, Zydus, through its own actions and/or through the actions of its agents and subsidiaries, has engaged in the research and development, and the preparation and filing, of Zydus's ANDA; continues to engage in seeking FDA approval of Zydus's ANDA; intends to engage in the commercial manufacture, marketing, offer for sale, sale, or importation of Zydus's ANDA Product throughout the United States, including in New Jersey; and stands to benefit from the approval of Zydus's ANDA.

17. Upon information and belief, Zydus, through its own actions and/or through the actions of its agents and subsidiaries, prepared and submitted Zydus's ANDA with certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV certifications").

18. Upon information and belief, upon FDA approval of Zydus's ANDA, Zydus will market, offer to sell, sell, or distribute Zydus's ANDA Product throughout the United States, including in New Jersey, consistent with Zydus's practices for the marketing and distribution of other generic pharmaceutical products. Upon information and belief, Zydus regularly does business in New Jersey, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in New Jersey. Upon information and belief, Zydus's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in New Jersey. Upon information and belief, Zydus's ANDA Product will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and/or used by patients in New Jersey. Each of these activities would have a substantial effect within New Jersey and would constitute infringement of the Patents-in-Suit in the event that Zydus's ANDA Product is approved before the Patents-in-Suit expire.

19. Upon information and belief, Zydus derives substantial revenue from generic pharmaceutical products that are used and/or consumed within New Jersey, and which are manufactured by Zydus and/or for which Zydus is the named applicant on approved ANDAs. Upon information and belief, various products for which Zydus is the named applicant on approved ANDAs are available at retail pharmacies in New Jersey.

20. Zydus USA is subject to personal jurisdiction in New Jersey because, among other things, Zydus USA has purposefully availed itself of the benefits and protections of New Jersey's laws such that the entity would reasonably anticipate being haled into court here. Upon information and belief, Zydus USA is a corporation with a principal place of business in New Jersey, is registered to do business in New Jersey, and has appointed a registered agent for service of process in New Jersey. It therefore has consented to general jurisdiction in New Jersey. In addition, on information and belief, Zydus USA develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of New Jersey, and therefore transacts business within the State of New Jersey related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

21. Zydus Lifesciences is subject to personal jurisdiction in New Jersey because, among other things, Zydus Lifesciences, itself and through its wholly owned subsidiary Zydus USA, has purposefully availed itself of the benefits and protections of New Jersey's laws such that the entity would reasonably anticipate being haled into court here. On information and belief, Zydus Lifesciences, itself and through its subsidiary Zydus USA, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of New Jersey, and therefore transacts business within the State of New Jersey related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

In addition, Zydus Lifesciences is subject to personal jurisdiction in New Jersey because, upon information and belief, it controls and dominates Zydus USA, and therefore the activities of Zydus USA in this jurisdiction are attributable to Zydus Lifesciences.

22.    In addition, this Court has personal jurisdiction over Zydus Lifesciences and Zydus USA because, among other things, on information and belief:  (1) Zydus USA filed Zydus's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product in the United States, including in New Jersey; and (2) upon approval of Zydus's ANDA, Zydus Lifesciences and Zydus USA will directly, or indirectly through subsidiaries, intermediaries, distributors, retailers, or others, market, distribute, offer for sale, sell, and/or import Zydus's ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Zydus's ANDA Product in New Jersey.  On information and belief, upon approval of Zydus's ANDA, Zydus's ANDA Product will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have a substantial effect on New Jersey.

23.    This Court also has personal jurisdiction over Zydus because Zydus has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufactures BRUKINSA® tablets for sale and use throughout the United States, including in New Jersey.  As a result, the consequences of Zydus's actions were, and will be, suffered in New Jersey.  Zydus knew or should have known that the consequences of its actions were, and will be, suffered in New Jersey.  At the time Zydus sent notice of the Paragraph IV certifications, it was reasonably

7

foreseeable that Zydus would be sued within 45 days in New Jersey, where Zydus is located.  Upon information and belief, Zydus's actions will injure Plaintiffs by displacing at least some, if not all, of Plaintiffs' sales of BRUKINSA® tablets in New Jersey, as well as resulting in price erosion and loss of goodwill with the purchasers and distributors of BRUKINSA® tablets in New Jersey.

24.     Zydus is also subject to personal jurisdiction in New Jersey because it (1) engages in patent litigation concerning Zydus's generic versions of branded pharmaceutical products in this District, (2) does not contest personal jurisdiction in this District, and (3) purposefully avails itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this District.  *See, e.g.*, *Supernus Pharmaceuticals, Inc. v. Zydus Lifesciences Global FZE et al*, Civ. No. 25-12188, Dkt. No. 14 (D.N.J. Sep. 22, 2025); *Aurinia Pharmaceuticals Inc. v. Zydus Pharmaceuticals (USA) Inc. et al*, Civ. No. 25-2893, Dkt. No. 12 (D.N.J. Jul. 8, 2025); *AstraZeneca Pharmaceuticals LP et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civ. No. 24-10629, Dkt. No. 11 (D.N.J. Dec. 19, 2024).

25.     For the above reasons, it would not be unfair or unreasonable for Zydus Lifesciences and Zydus USA to litigate this action in this District, and the Court has personal jurisdiction over those entities here.

### Venue

26.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

27.     Venue is proper in this District as to Zydus Lifesciences pursuant to 28 U.S.C. § 1391, at least because, on information and belief, Zydus Lifesciences is a foreign corporation that may be sued in any judicial district in which it is subject to the Court's personal jurisdiction.

28.     Venue is proper in this District as to Zydus USA pursuant to 28 U.S.C. § 1400(b), at least because, on information and belief, Zydus USA maintains a principal place of business in New Jersey and has committed, or will commit, an act of infringement in this District.  On

8

information and belief, among other things, (1) Zydus prepared and/or submitted Zydus's ANDA with Paragraph IV certifications in New Jersey, where Zydus USA is located; and (2) upon approval of Zydus's ANDA, Zydus will market, distribute, offer for sale, sell, and/or import Zydus's ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Zydus's ANDA Product in New Jersey.

29.     Venue is proper in this District as to Zydus Lifesciences and Zydus USA because those entities (1) engage in patent litigation concerning Zydus's products in this District, and (2) do not contest that venue is proper in this District.  *See, e.g.*, *Supernus Pharmaceuticals, Inc. v. Zydus Lifesciences Global FZE et al*, Civ. No. 25-12188, Dkt. No. 14 (D.N.J. Sep. 22, 2025); *Aurinia Pharmaceuticals Inc. v. Zydus Pharmaceuticals (USA) Inc. et al*, Civ. No. 25-2893, Dkt. No. 12 (D.N.J. Jul. 8, 2025); *AstraZeneca Pharmaceuticals LP et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civ. No. 24-10629, Dkt. No. 11 (D.N.J. Dec. 19, 2024).

### Factual Background

30.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

31.     BRUKINSA® tablets, which contain zanubrutinib, are approved for the treatment of adult patients with mantle cell lymphoma (MCL) who have received at least one prior therapy; Waldenström's macroglobulinemia (WM); relapsed or refractory marginal zone lymphoma (MZL) who have received at least one anti–CD20-based regimen; chronic lymphocytic leukemia (CLL) or small lymphocytic lymphoma (SLL); and relapsed or refractory follicular lymphoma (FL) in combination with obinutuzumab, after two or more lines of systemic therapy.

32.     In Zydus's Notice Letter, Zydus stated that the subject of Zydus's ANDA is zanubrutinib tablets, 160 mg.  In Zydus's Notice Letter, Zydus states that Zydus's ANDA was submitted under 21 U.S.C. § 355(j)(2)(B) and contends that Zydus's ANDA contains

bioavailability and/or bioequivalence studies for Zydus's ANDA Product.  Upon information and belief, Zydus's ANDA Product is a generic version of BRUKINSA® tablets.

33.    In Zydus's Notice Letter, Zydus stated that it had submitted Paragraph IV certifications to FDA alleging that the '117, '340, '531, '437, '674, '596, '386, '500, and '069 patents were invalid, and/or not infringed, and that Zydus is seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Zydus's ANDA Product prior to the expiration of the '117, '340, '531, '437, '674, '596, '386, '500, and '069 patents.

34.    The purpose of Zydus's submission of Zydus's ANDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act (the "FDCA") to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product prior to the expiration of the Patents-in-Suit.

35.    Upon information and belief, Zydus's ANDA Product is not publicly available, nor is ANDA No. 220921 accessible to the public.

36.    In Zydus's Notice Letter, Zydus included an Offer of Confidential Access to Zydus's ANDA, but Zydus's offer was subject to various unreasonably restrictive conditions.

37.    In an exchange of correspondence, counsel for BeOne and counsel for Zydus discussed the terms of Zydus's Offer of Confidential Access. The parties did not agree on terms under which Plaintiffs could analyze, among other things, samples of Zydus's ANDA Product or review relevant technical documents other than Zydus's ANDA.

38.    This action is commenced within 45 days from the date Plaintiffs received Zydus's Notice Letter.

### Count I – Infringement of the '117 Patent

39.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

40. The '117 patent, entitled "Crystalline Form of (S)-7-(1-acryloylpiperidin-4-yl)-2-(4-phenoxyphenyl)-4,5,6,7-tetrahydropyrazolo[1,5-a]pyrimidine-3-carboxamide, Preparation, and Uses Thereof" (attached as Exhibit A), was duly and legally issued on February 23, 2021.

41. The inventors named on the '117 patent are Zhiwei Wang, Yunhang Guo, and Gongyin Shi.

42. BeOne Medicines I GmbH is the owner and assignee of the '117 patent.

43. BRUKINSA® tablets are covered by one or more claims of the '117 patent, which has been listed in connection with BRUKINSA® tablets in the FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as "the Orange Book").

44. In Zydus's Notice Letter, Zydus notified BeOne of the submission of Zydus's ANDA to the FDA. The purpose of this submission was to obtain, among other things, approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Zydus's ANDA Product prior to the expiration of the Patents-in-Suit, including the '117 patent.

45. In Zydus's Notice Letter, Zydus also notified BeOne that, as part of its ANDA, Zydus had filed Paragraph IV certifications with respect to the '117 patent. Upon information and belief, Zydus submitted its ANDA to the FDA containing Paragraph IV certifications asserting that the '117 patent is invalid.

46. According to Zydus's Notice Letter, Zydus's ANDA Product contains zanubrutinib.

47. Upon information and belief, Zydus's ANDA Product and the method of preparing Zydus's zanubrutinib drug substance are covered by one or more claims of the '117 patent.

48. As an example, claim 1 of the '117 patent recites:

11

A crystalline form of Compound 1,

Compound 1

wherein the crystalline form exhibits an X-ray powder diffraction pattern comprising diffraction peaks having $2\theta$ angle values at $14.8\pm0.2°$, $15.6\pm0.2°$, $16.4\pm0.2°$ and $21.4\pm0.2°$.

49.     Upon information and belief, Zydus's ANDA Product contains a crystalline form of Compound 1, as recited in claim 1.

50.     As a further example, claim 2 of the '117 patent recites the crystalline form of claim 1, wherein the crystalline form is an anhydrate.

51.     Upon information and belief, Zydus's ANDA Product contains a crystalline form of claim 1, wherein the crystalline form is an anhydrate, as recited in claim 2.

52.     As a further example, claim 5 of the '117 patent recites a method of preparing the crystalline form of claim 2.

53.     Upon information and belief, Zydus practices the method of preparing the crystalline form of claim 2, as recited in claim 5.

54.     As a further example, claim 6 of the '117 patent recites a pharmaceutical composition comprising a therapeutically effective amount of the crystalline form of claim 1, and a pharmaceutically acceptable excipient thereof.

55.     Upon information and belief, Zydus's ANDA Product is a pharmaceutical composition comprising a therapeutically effective amount of the crystalline form of the compound recited in claim 1, and a pharmaceutically acceptable excipient thereof, as recited in claim 6.

56.     In Zydus's Notice Letter, Zydus did not contest the infringement of claims 1 through 6 of the '117 patent on any basis other than the alleged invalidity of those claims.

57.     Zydus's ANDA Product infringes claims 1 through 6 of the '117 patent.

58.     Zydus's submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the '117 patent was an act of infringement of the '117 patent under 35 U.S.C. § 271(e)(2)(A).

59.     Upon information and belief, Zydus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product immediately and imminently upon approval of its ANDA.

60.     Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Zydus's ANDA Product would infringe one or more claims of the '117 patent, either literally or under the doctrine of equivalents.

61.     Upon information and belief, Zydus plans and intends to, and will, actively induce infringement of the '117 patent when Zydus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Zydus's activities will be done with knowledge of the '117 patent and specific intent to infringe that patent.

62.     Upon information and belief, Zydus knows that Zydus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '117 patent, that Zydus's

ANDA Product is not a staple article or commodity of commerce, and that Zydus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  Upon information and belief, Zydus plans and intends to, and will, contribute to infringement of the '117 patent immediately and imminently upon approval of Zydus's ANDA.

63.    Notwithstanding Zydus's knowledge of the claims of the '117 patent, Zydus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Zydus's ANDA Product with its product labeling following FDA approval of Zydus's ANDA prior to the expiration of the '117 patent.

64.    The foregoing actions by Zydus constitute and/or will constitute infringement of the '117 patent; active inducement of infringement of the '117 patent; and/or contribution to the infringement by others of the '117 patent.

65.    Upon information and belief, Zydus has acted with full knowledge of the '117 patent and without a reasonable basis for believing that it would not be liable for infringement of the '117 patent; active inducement of infringement of the '117 patent; and/or contribution to the infringement by others of the '117 patent.

66.    BeOne will be substantially and irreparably damaged by infringement of the '117 patent.

67.    Unless Zydus is enjoined from infringing the '117 patent, actively inducing infringement of the '117 patent, and contributing to the infringement by others of the '117 patent, BeOne will suffer irreparable injury.  BeOne has no adequate remedy at law.

**<u>Count II - Declaratory Judgment</u>**
**<u>of Infringement of the '117 Patent</u>**

68.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

14

69.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between BeOne on the one hand and Zydus on the other regarding Zydus's infringement, active inducement of infringement, contribution to the infringement by others of the '117 patent, and/or the validity of the '117 patent.

70.    The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Zydus's ANDA Product or any other Zydus drug product that is covered by or whose use is covered by the '117 patent, will infringe, induce infringement of, and contribute to the infringement by others of the '117 patent, and that the claims of the '117 patent are not invalid.

### <u>Count III – Infringement of the '340 Patent</u>

71.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

72.    The '340 patent, entitled "Crystalline Form of (S)-7-(1-acryloylpiperidin-4-yl)-2-(4-phenoxyphenyl)-4,5,6,7-tetrahydropyrazolo[1,5-a]pyrimidine-3-carboxamide,    Preparation, and Uses Thereof" (attached as Exhibit B), was duly and legally issued on February 28, 2023.

73.    The inventors named on the '340 patent are Zhiwei Wang, Yunhang Guo, Gongyin Shi, and Lai Wang.

74.    BeOne Medicines I GmbH is the owner and assignee of the '340 patent.

75.    Methods of using BRUKINSA® tablets are covered by one or more claims of the '340 patent, which has been listed in connection with BRUKINSA® tablets in the FDA's Orange Book.

76.    In Zydus's Notice Letter, Zydus notified BeOne of the submission of Zydus's ANDA to the FDA.  The purpose of this submission was to obtain, among other things, approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or

importation of Zydus's ANDA Product prior to the expiration of the Patents-in-Suit, including the '340 patent.

77.    In Zydus's Notice Letter, Zydus also notified BeOne that, as part of its ANDA, Zydus had filed Paragraph IV certifications with respect to the '340 patent.  Upon information and belief, Zydus submitted its ANDA to the FDA containing Paragraph IV certifications asserting that the '340 patent is invalid.

78.    According to Zydus's Notice Letter, Zydus's ANDA Product contains zanubrutinib.

79.    Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed labeling for that product would infringe one or more claims of the '340 patent.

80.    As an example, claim 1 of the '340 patent recites:

> A method for treating mantle cell lymphoma in a subject, comprising administering to the subject in need thereof a crystalline form of Compound 1,

Compound 1

wherein the crystalline form exhibits an X-ray powder diffraction pattern comprising diffraction peaks having $2\theta$ angle values at $14.8\pm0.2°$, $15.6\pm0.2°$, $16.4\pm0.2°$ and $21.4\pm0.2°$.

81.     Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed label would involve treating mantle cell lymphoma in a subject, including by administering to the subject in need thereof a crystalline form of Compound 1 as recited in claim 1.

82.     As a further example, claim 8 of the '340 patent recites:

A method for treating Waldenström's macroglobulinemia in a subject, comprising administering to the subject in need thereof a crystalline form of Compound 1,

Compound 1

wherein the crystalline form exhibits an X-ray powder diffraction pattern comprising diffraction peaks having $2\theta$ angle values at $14.8\pm0.2°$, $15.6\pm0.2°$, $16.4\pm0.2°$ and $21.4\pm0.2°$.

83.     Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed label would involve treating Waldenström's

17

macroglobulinemia in a subject, including by administering to the subject in need thereof a crystalline form of Compound 1 as recited in claim 8.

84.     As a further example, claim 14 of the '340 patent recites:

> A method for treating marginal zone lymphoma in a subject, comprising administering to the subject in need thereof a crystalline form of Compound 1,

Compound 1

> wherein the crystalline form exhibits an X-ray powder diffraction pattern comprising diffraction peaks having $2\theta$ angle values at 14.8±0.2°, 15.6±0.2°, 16.4±0.2° and 21.4±0.2°.

85.     Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed label would involve treating marginal zone lymphoma in a subject, including by administering to the subject in need thereof a crystalline form of Compound 1 as recited in claim 14.

86.     As a further example, claim 21 of the '340 patent recites:

> A method for treating chronic lymphocytic leukemia or small lymphocytic lymphoma in a subject, comprising administering to the subject in need thereof a crystalline form of Compound 1,

18

Compound 1

wherein the crystalline form exhibits an X-ray powder diffraction pattern comprising diffraction peaks having $2\theta$ angle values at $14.8\pm0.2°$, $15.6\pm0.2°$, $16.4\pm0.2°$ and $21.4\pm0.2°$.

87.    Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed label would involve treating chronic lymphocytic leukemia or small lymphocytic lymphoma in a subject, including by administering to the subject in need thereof a crystalline form of Compound 1 as recited in claim 21.

88.    In Zydus's Notice Letter, Zydus did not contest the infringement of claims 1 through 27 of the '340 patent on any basis other than the alleged invalidity of those claims.

89.    The use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed product labeling would infringe claims 1 through 27 of the '340 patent.

90.    Zydus's submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the '340 patent was an act of infringement of the '340 patent under 35 U.S.C. § 271(e)(2)(A).

19

91. Upon information and belief, Zydus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product immediately and imminently upon approval of its ANDA.

92. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Zydus's ANDA Product in accordance with and as directed by its proposed product labeling would infringe one or more claims of the '340 patent, either literally or under the doctrine of equivalents.

93. Upon information and belief, Zydus plans and intends to, and will, actively induce infringement of the '340 patent when Zydus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Zydus's activities will be done with knowledge of the '340 patent and specific intent to infringe that patent.

94. Upon information and belief, Zydus knows that Zydus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '340 patent, that Zydus's ANDA Product is not a staple article or commodity of commerce, and that Zydus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Zydus plans and intends to, and will, contribute to infringement of the '340 patent immediately and imminently upon approval of Zydus's ANDA.

95. Notwithstanding Zydus's knowledge of the claims of the '340 patent, Zydus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Zydus's ANDA Product with its product labeling following FDA approval of Zydus's ANDA prior to the expiration of the '340 patent.

96.    The foregoing actions by Zydus constitute and/or will constitute infringement of the '340 patent; active inducement of infringement of the '340 patent; and/or contribution to the infringement by others of the '340 patent.

97.    Upon information and belief, Zydus has acted with full knowledge of the '340 patent and without a reasonable basis for believing that it would not be liable for infringement of the '340 patent; active inducement of infringement of the '340 patent; and/or contribution to the infringement by others of the '340 patent.

98.    BeOne will be substantially and irreparably damaged by infringement of the '340 patent.

99.    Unless Zydus is enjoined from infringing the '340 patent, actively inducing infringement of the '340 patent, and contributing to the infringement by others of the '340 patent, BeOne will suffer irreparable injury.  BeOne has no adequate remedy at law.

**Count IV - Declaratory Judgment
of Infringement of the '340 Patent**

100.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

101.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between BeOne on the one hand and Zydus on the other regarding Zydus's infringement, active inducement of infringement, contribution to the infringement by others of the '340 patent, and/or the validity of the '340 patent.

102.    The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Zydus's ANDA Product with its proposed labeling, or any other Zydus drug product that is covered by or whose use is covered by the '340 patent, will infringe, induce

21

infringement of, and contribute to the infringement by others of the '340 patent, and that the claims of the '340 patent are not invalid.

### Count V – Infringement of the '437 Patent

103.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

104.    The '437 patent, entitled "Crystalline Form of (S)-7-(1-acryloylpiperidin-4-yl)-2-(4-phenoxyphenyl)-4,5,6,7-tetrahydropyrazolo[1,5-a]pyrimidine-3-carboxamide,    Preparation, and Uses Thereof" (attached as Exhibit C), was duly and legally issued on December 26, 2023.

105.    The inventors named on the '437 patent are Zhiwei Wang, Yunhang Guo, and Gongyin Shi.

106.    BeOne Medicines I GmbH is the owner and assignee of the '437 patent.

107.    BRUKINSA® tablets are covered by one or more claims of the '437 patent, which has been listed in connection with BRUKINSA® tablets in the FDA's Orange Book.

108.    In Zydus's Notice Letter, Zydus notified BeOne of the submission of Zydus's ANDA to the FDA.  The purpose of this submission was to obtain, among other things, approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Zydus's ANDA Product prior to the expiration of the Patents-in-Suit, including the '437 patent.

109.    In Zydus's Notice Letter, Zydus also notified BeOne that, as part of its ANDA, Zydus had filed Paragraph IV certifications with respect to the '437 patent.  Upon information and belief, Zydus submitted its ANDA to the FDA containing Paragraph IV certifications asserting that the '437 patent is invalid, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product.

110.    According to Zydus's Notice Letter, Zydus's ANDA Product contains zanubrutinib.

22

111. Upon information and belief, Zydus's ANDA Product and the use of Zydus's ANDA Product are covered by one or more claims of the '437 patent.

112. As an example, claim 1 of the '437 patent recites:

Crystalline Form A of Compound 1,

Compound 1

made by crystallizing the crystalline Form A of Compound 1 from an amorphous form of Compound 1, wherein the crystalline Form A is characterized by an X-ray powder diffraction pattern comprising diffraction peaks having $2\theta$ angle values at $14.8\pm0.2°$, $16.4\pm0.2°$ and $21.4\pm0.2°$.

113. Upon information and belief, Zydus's ANDA Product contains the Crystalline Form A of Compound 1, as recited in claim 1.

114. As a further example, claim 11 of the '437 patent recites:

Crystalline Form A of Compound 1,

Compound 1

wherein:

(i) the crystalline Form A is characterized by an X-ray powder diffraction pattern comprising diffraction peaks having $2\theta$ angle values at $14.8\pm0.2°$, $16.4\pm0.2°$ and $21.4\pm0.2°$; and

(ii) the crystalline Form A

(a) does not change its crystal form after being stored at about 80° C. for 2 days;

(b) does not change its crystal form after being stored at about 25° C. under 60% relative humidity for up to 24 months; or

(c) does not change its crystal form after being stored at about 40° C. under 75% relative humidity for up to 6 months.

115.    Upon information and belief, Zydus's ANDA Product contains the Crystalline Form A of Compound 1, as recited in claim 11.

116.    In Zydus's Notice Letter, Zydus did not contest the infringement of claims 1–7, 10–16, and 19 of the '437 patent on any basis other than the alleged invalidity of those claims.

117.    Zydus's ANDA Product infringes claims 1–7, 10–16, and 19 of the '437 patent.

118.    On information and belief, Zydus's ANDA Product infringes claims 8–9, 17–18, and 20–29 of the '437 patent.

24

119.    Zydus's submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the '437 patent was an act of infringement of the '437 patent under 35 U.S.C. § 271(e)(2)(A).

120.    Upon information and belief, Zydus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product immediately and imminently upon approval of its ANDA.

121.    Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Zydus's ANDA Product would infringe one or more claims of the '437 patent, either literally or under the doctrine of equivalents.

122.    Upon information and belief, Zydus plans and intends to, and will, actively induce infringement of the '437 patent when Zydus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Zydus's activities will be done with knowledge of the '437 patent and specific intent to infringe that patent.

123.    Upon information and belief, Zydus knows that Zydus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '437 patent, that Zydus's ANDA Product is not a staple article or commodity of commerce, and that Zydus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  Upon information and belief, Zydus plans and intends to, and will, contribute to infringement of the '437 patent immediately and imminently upon approval of Zydus's ANDA.

124.    Notwithstanding Zydus's knowledge of the claims of the '437 patent, Zydus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Zydus's

ANDA Product with its product labeling following FDA approval of Zydus's ANDA prior to the expiration of the '437 patent.

125.   The foregoing actions by Zydus constitute and/or will constitute infringement of the '437 patent; active inducement of infringement of the '437 patent; and/or contribution to the infringement by others of the '437 patent.

126.   Upon information and belief, Zydus has acted with full knowledge of the '437 patent and without a reasonable basis for believing that it would not be liable for infringement of the '437 patent; active inducement of infringement of the '437 patent; and/or contribution to the infringement by others of the '437 patent.

127.   BeOne will be substantially and irreparably damaged by infringement of the '437 patent.

128.   Unless Zydus is enjoined from infringing the '437 patent, actively inducing infringement of the '437 patent, and contributing to the infringement by others of the '437 patent, BeOne will suffer irreparable injury.  BeOne has no adequate remedy at law.

<u>**Count VI - Declaratory Judgment**</u>
<u>**of Infringement of the '437 Patent**</u>

129.   Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

130.   The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between BeOne on the one hand and Zydus on the other regarding Zydus's infringement, active inducement of infringement, contribution to the infringement by others of the '437 patent, and/or the validity of the '437 patent.

131.   The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Zydus's ANDA Product, or any other Zydus drug product that is covered by

26

or whose use is covered by the '437 patent, will infringe, induce infringement of, and contribute to the infringement by others of the '437 patent, and that the claims of the '437 patent are not invalid.

### Count VII – Infringement of the '674 Patent

132. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

133. The '674 patent, entitled "Crystalline Form of (S)-7-(1-acryloylpiperidin-4-yl)-2-(4-phenoxyphenyl)-4,5,6,7-tetrahydropyrazolo[1,5-a]pyrimidine-3-carboxamide, Preparation, and Uses Thereof" (attached as Exhibit D), was duly and legally issued on January 30, 2024.

134. The inventors named on the '674 patent are Zhiwei Wang, Yunhang Guo, Gongyin Shi, and Lai Wang.

135. BeOne Medicines I GmbH is the owner and assignee of the '674 patent.

136. Methods of using BRUKINSA® tablets are covered by one or more claims of the '674 patent, which has been listed in connection with BRUKINSA® tablets in the FDA's Orange Book.

137. In Zydus's Notice Letter, Zydus notified BeOne of the submission of Zydus's ANDA to the FDA. The purpose of this submission was to obtain, among other things, approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Zydus's ANDA Product prior to the expiration of the Patents-in-Suit, including the '674 patent.

138. In Zydus's Notice Letter, Zydus also notified BeOne that, as part of its ANDA, Zydus had filed Paragraph IV certifications with respect to the '674 patent. Upon information and belief, Zydus submitted its ANDA to the FDA containing Paragraph IV certifications asserting that the '674 patent is invalid, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product.

27

139.   According to Zydus's Notice Letter, Zydus's ANDA Product contains zanubrutinib.

140.   Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed labeling for that product would infringe one or more claims of the '674 patent.

141.   As an example, claim 1 of the '674 patent recites:

A method for treating a B-cell proliferative disease in a subject, comprising administering to the subject in need thereof Compound 1,

Compound 1

wherein the B-cell proliferative disease is selected from a group consisting of chronic lymphocytic leukemia, small lymphocytic lymphoma, mantle cell lymphoma, Waldenström's macroglobulinemia, marginal zone lymphoma, and follicular lymphoma; and

Compound 1 is administrated at a dose of 160 mg twice a day (BID).

142.   Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed label would involve treating a B-cell proliferative disease in

28

a subject, including by administering to the subject in need thereof Compound 1 at a dose of 160 mg twice a day (BID), as recited in claim 1.

143. In Zydus's Notice Letter, Zydus did not contest the infringement of claims 1–11, 13–20, and 28 of the '674 patent on any basis other than the alleged invalidity of those claims.

144. The use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed product labeling would infringe claims 1–11, 13–20, and 28 of the '674 patent.

145. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed product labeling would infringe claims 12 and 21–27 of the '674 patent.

146. Zydus's submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the '674 patent was an act of infringement of the '674 patent under 35 U.S.C. § 271(e)(2)(A).

147. Upon information and belief, Zydus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product immediately and imminently upon approval of its ANDA.

148. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Zydus's ANDA Product in accordance with and as directed by its proposed product labeling would infringe one or more claims of the '674 patent, either literally or under the doctrine of equivalents.

149. Upon information and belief, Zydus plans and intends to, and will, actively induce infringement of the '674 patent when Zydus's ANDA is approved, and plans and intends to, and

will, do so immediately and imminently upon approval. Zydus's activities will be done with knowledge of the '674 patent and specific intent to infringe that patent.

150. Upon information and belief, Zydus knows that Zydus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '674 patent, that Zydus's ANDA Product is not a staple article or commodity of commerce, and that Zydus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Zydus plans and intends to, and will, contribute to infringement of the '674 patent immediately and imminently upon approval of Zydus's ANDA.

151. Notwithstanding Zydus's knowledge of the claims of the '674 patent, Zydus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Zydus's ANDA Product with its product labeling following FDA approval of Zydus's ANDA prior to the expiration of the '674 patent.

152. The foregoing actions by Zydus constitute and/or will constitute infringement of the '674 patent; active inducement of infringement of the '674 patent; and/or contribution to the infringement by others of the '674 patent.

153. Upon information and belief, Zydus has acted with full knowledge of the '674 patent and without a reasonable basis for believing that it would not be liable for infringement of the '674 patent; active inducement of infringement of the '674 patent; and/or contribution to the infringement by others of the '674 patent.

154. BeOne will be substantially and irreparably damaged by infringement of the '674 patent.

155.    Unless Zydus is enjoined from infringing the '674 patent, actively inducing infringement of the '674 patent, and contributing to the infringement by others of the '674 patent, BeOne will suffer irreparable injury.  BeOne has no adequate remedy at law.

### Count VIII - Declaratory Judgment
### of Infringement of the '674 Patent

156.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

157.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between BeOne on the one hand and Zydus on the other regarding Zydus's infringement, active inducement of infringement, contribution to the infringement by others of the '674 patent, and/or the validity of the '674 patent.

158.    The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Zydus's ANDA Product with its proposed labeling, or any other Zydus drug product that is covered by or whose use is covered by the '674 patent, will infringe, induce infringement of, and contribute to the infringement by others of the '674 patent, and that the claims of the '674 patent are not invalid.

### Count IX – Infringement of the '500 Patent

159.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

160.    The '500 patent, entitled "Crystalline Form of (S)-7-(1-acryloylpiperidin-4-yl)-2-(4-phenoxyphenyl)-4,5,6,7-tetrahydropyrazolo[1,5-a]pyrimidine-3-carboxamide,    Preparation, and Uses Thereof" (attached as Exhibit E), was duly and legally issued on April 30, 2024.

161.    The inventors named on the '500 patent are Zhiwei Wang, Yunhang Guo, Gongyin Shi, and Lai Wang.

162.    BeOne Medicines I GmbH is the owner and assignee of the '500 patent.

163.    Methods of using BRUKINSA® tablets are covered by one or more claims of the '500 patent, which has been listed in connection with BRUKINSA® tablets in the FDA's Orange Book.

164.    In Zydus's Notice Letter, Zydus notified BeOne of the submission of Zydus's ANDA to the FDA.  The purpose of this submission was to obtain, among other things, approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Zydus's ANDA Product prior to the expiration of the Patents-in-Suit, including the '500 patent.

165.    In Zydus's Notice Letter, Zydus also notified BeOne that, as part of its ANDA, Zydus had filed Paragraph IV certifications with respect to the '500 patent.  Upon information and belief, Zydus submitted its ANDA to the FDA containing Paragraph IV certifications asserting that the '500 patent is invalid, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product.

166.    According to Zydus's Notice Letter, Zydus's ANDA Product contains zanubrutinib.

167.    Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed labeling for that product would infringe one or more claims of the '500 patent.

168.    As an example, claim 1 of the '500 patent recites:

> A method for treating a B-cell proliferative disease in a subject, comprising administering to the subject in need thereof Compound 1,

Compound 1

wherein the B-cell proliferative disease is selected from a group consisting of chronic lymphocytic leukemia, small lymphocytic lymphoma, mantle cell lymphoma, Waldenstrom's macroglobulinemia, marginal zone lymphoma, and follicular lymphoma; and

Compound 1 is administered at a dose of 320 mg once a day (QD).

169. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed label would involve treating a B-cell proliferative disease in a subject, comprising administering to the subject in need thereof Compound 1, wherein the B-cell proliferative disease is chronic lymphocytic leukemia, small lymphocytic lymphoma, mantle cell lymphoma, Waldenstrom's macroglobulinemia, marginal zone lymphoma, and/or follicular lymphoma, and Compound 1 is administered at a dose of 320 mg once a day (QD).

170. In Zydus's Notice Letter, Zydus did not contest the infringement of claims 1–11, 13–20, and 28 of the '500 patent on any basis other than the alleged invalidity of those claims.

171. The use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed product labeling would infringe at least claims 1–11, 13–20, and 28 of the '500 patent.

172. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed product labeling would infringe claims 12 and 21–27 of the '500 patent.

33

173.   Zydus's submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the '500 patent was an act of infringement of the '500 patent under 35 U.S.C. § 271(e)(2)(A).

174.   Upon information and belief, Zydus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product immediately and imminently upon approval of its ANDA.

175.   Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Zydus's ANDA Product in accordance with and as directed by its proposed product labeling would infringe one or more claims of the '500 patent, either literally or under the doctrine of equivalents.

176.   Upon information and belief, Zydus plans and intends to, and will, actively induce infringement of the '500 patent when Zydus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Zydus's activities will be done with knowledge of the '500 patent and specific intent to infringe that patent.

177.   Upon information and belief, Zydus knows that Zydus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '500 patent, that Zydus's ANDA Product is not a staple article or commodity of commerce, and that Zydus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  Upon information and belief, Zydus plans and intends to, and will, contribute to infringement of the '500 patent immediately and imminently upon approval of Zydus's ANDA.

178.   Notwithstanding Zydus's knowledge of the claims of the '500 patent, Zydus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Zydus's

34

ANDA Product with its product labeling following FDA approval of Zydus's ANDA prior to the expiration of the '500 patent.

179.    The foregoing actions by Zydus constitute and/or will constitute infringement of the '500 patent; active inducement of infringement of the '500 patent; and/or contribution to the infringement by others of the '500 patent.

180.    Upon information and belief, Zydus has acted with full knowledge of the '500 patent and without a reasonable basis for believing that it would not be liable for infringement of the '500 patent; active inducement of infringement of the '500 patent; and/or contribution to the infringement by others of the '500 patent.

181.    BeOne will be substantially and irreparably damaged by infringement of the '500 patent.

182.    Unless Zydus is enjoined from infringing the '500 patent, actively inducing infringement of the '500 patent, and contributing to the infringement by others of the '500 patent, BeOne will suffer irreparable injury.  BeOne has no adequate remedy at law.

**Count X - Declaratory Judgment
of Infringement of the '500 Patent**

183.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

184.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between BeOne on the one hand and Zydus on the other regarding Zydus's infringement, active inducement of infringement, contribution to the infringement by others of the '500 patent, and/or the validity of the '500 patent.

185.    The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Zydus's ANDA Product with its proposed labeling, or any other Zydus drug

35

product that is covered by or whose use is covered by the '500 patent, will infringe, induce infringement of, and contribute to the infringement by others of the '500 patent, and that the claims of the '500 patent are not invalid.

<u>**Count XI – Infringement of the '357 Patent**</u>

186.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

187.    The '357 patent, entitled "Treatment of B cell cancers using a combination comprising BTK inhibitors" (attached as Exhibit F), was duly and legally issued on July 18, 2023.

188.    The inventors named on the '357 patent are Nan Hu, Lai Wang, Jing Song, Tong Zhang, Kang Li, Lusong Luo, Min Wei, Zhiwei Wang, and Yunhang Guo.

189.    BeOne Medicines I GmbH is the owner and assignee of the '357 patent.

190.    Methods of using BRUKINSA® tablets are covered by one or more claims of the '357 patent, which has been listed in connection with BRUKINSA® tablets in the FDA's Orange Book.

191.    Zydus's Notice Letter notified BeOne of the submission of Zydus's ANDA to the FDA.  The purpose of this submission was to obtain, among other things, approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Zydus's ANDA Product prior to the expiration of the '117, '340, '531, '437, '674, '596, '386, '500, and '069 patents.

192.    Zydus's Notice Letter did not address the '357 patent.  However, because Zydus seeks to market Zydus's ANDA Product prior to the expiration of the '117, '340, '531, '437, '674, '596, '386, '500, and '069 patents, Zydus also seeks to market Zydus's ANDA Product prior to the expiration of the '357 patent.

193.    According to Zydus's Notice Letters, Zydus's ANDA Product contains zanubrutinib.

36

194. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed labeling for that product would infringe one or more claims of the '357 patent.

195. As an example, claim 1 of the '357 patent recites:

> 1. A method for the delay of progression or treatment of a B cell cancer in a subject, comprising administering to the subject in need thereof (S)-7-(1-acryloylpiperidin-4-yl)-2-(4-phenoxyphenyl)-4,5,6,7-tetra-hydropyrazolo[1,5-a]pyrimidine-3-carboxamide, or a pharmaceutically acceptable salt thereof, at a dose of 320 mg once a day (QD) or 160 mg twice a day (BID) in 28-day cycles, in combination with obinutuzumab administered by three loading doses of 1000 mg weekly followed by 1000 mg on day one of cycles 2-6, wherein the subject is a human.

196. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed label would involve delaying the progression or treating a B cell cancer in a subject, comprising administering the compound recited in claim 1 at a dose of 320 mg once a day (QD) or 160 mg twice a day (BID) in 28-day cycles in combination with obinutuzumab administered by three loading doses of 1000 mg weekly followed by 1000 mg on day one of cycles 2–6.

197. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed product labeling would infringe claims 1–3, 5, 7, 9–19 of the '357 patent.

198. Zydus's submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the '357 patent was an act of infringement of the '357 patent under 35 U.S.C. § 271(e)(2)(A).

199. Upon information and belief, Zydus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product immediately and imminently upon approval of its ANDA.

200. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Zydus's ANDA Product in accordance with and as directed by its proposed product labeling would infringe one or more claims of the '357 patent, either literally or under the doctrine of equivalents.

201. Upon information and belief, Zydus plans and intends to, and will, actively induce infringement of the '357 patent when Zydus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Zydus's activities will be done with knowledge of the '357 patent and specific intent to infringe that patent.

202. Upon information and belief, Zydus knows that Zydus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '357 patent, that Zydus's ANDA Product is not a staple article or commodity of commerce, and that Zydus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Zydus plans and intends to, and will, contribute to infringement of the '357 patent immediately and imminently upon approval of Zydus's ANDA.

203. Notwithstanding Zydus's knowledge of the claims of the '357 patent, Zydus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Zydus's ANDA Product with its product labeling following FDA approval of Zydus's ANDA prior to the expiration of the '357 patent.

204.   The foregoing actions by Zydus constitute and/or will constitute infringement of the '357 patent; active inducement of infringement of the '357 patent; and/or contribution to the infringement by others of the '357 patent.

205.   Upon information and belief, Zydus has acted with full knowledge of the '357 patent and without a reasonable basis for believing that it would not be liable for infringement of the '357 patent; active inducement of infringement of the '357 patent; and/or contribution to the infringement by others of the '357 patent.

206.   BeOne will be substantially and irreparably damaged by infringement of the '357 patent.

207.   Unless Zydus is enjoined from infringing the '357 patent, actively inducing infringement of the '357 patent, and contributing to the infringement by others of the '357 patent, BeOne will suffer irreparable injury.  BeOne has no adequate remedy at law.

### Count XII – Declaratory Judgment of Infringement of the '357 Patent

208.   Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

209.   The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between BeOne on the one hand and Zydus on the other regarding Zydus's infringement, active inducement of infringement, contribution to the infringement by others of the '357 patent, and/or the validity of the '357 patent.

210.   The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Zydus's ANDA Product with its proposed labeling, or any other Zydus drug product that is covered by or whose use is covered by the '357 patent, will infringe, induce infringement of, and contribute to the infringement by others of the '357 patent, and that the claims of the '357 patent are not invalid.

## Count XIII – Infringement of the '531 Patent

211. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

212. The '531 patent, entitled "Methods of treating B-cell proliferative disorder" (attached as Exhibit G), was duly and legally issued on October 17, 2023.

213. The inventors named on the '531 patent are Jason Paik, Tommi Salmi, Ying Ou, and Motohisa Takai.

214. BeOne Medicines I GmbH is the owner and assignee of the '531 patent.

215. Methods of using BRUKINSA® tablets are covered by one or more claims of the '531 patent, which has been listed in connection with BRUKINSA® tablets in the FDA's Orange Book.

216. In Zydus's Notice Letter, Zydus notified BeOne of the submission of Zydus's ANDA to the FDA. The purpose of this submission was to obtain, among other things, approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Zydus's ANDA Product prior to the expiration of the Patents-in-Suit, including the '531 patent.

217. In Zydus's Notice Letter, Zydus also notified BeOne that, as part of its ANDA, Zydus had filed Paragraph IV certifications with respect to the '531 patent. Upon information and belief, Zydus submitted its ANDA to the FDA containing Paragraph IV certifications asserting that the '531 patent is invalid.

218. According to Zydus's Notice Letters, Zydus's ANDA Product contains zanubrutinib.

219. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed labeling for that product would infringe one or more claims of the '531 patent.

220. As an example, claim 1 of the '531 patent recites

1. A method of treating or delaying progression of a B-cell proliferative disorder in a patient receiving a moderate CYP3A inducer, the method comprising:

concomitantly administering to the patient zanubrutinib, or a pharmaceutically acceptable salt thereof, at a total daily dose of about 640 mg, and the moderate CYP3A inducer,

wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), or follicular lymphoma (FL).

221. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed label would involve treating or delaying progression of a B-cell proliferative disorder in a patient receiving a moderate CYP3A inducer, comprising concomitantly administering to the patient zanubrutinib at a total daily dose of about 640 mg and the moderate CYP3A inducer, wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), or follicular lymphoma (FL).

222. As a further example, claim 11 of the '531 patent recites

11. A method of treating or delaying progression of a B-cell proliferative disorder in a patient, the method comprising

determining whether the patient is being treated with a moderate CYP3A inducer; and

if the patient is being treated with a moderate CYP3A inducer, concomitantly administering to the patient zanubrutinib, or a pharmaceutically acceptable salt thereof, at a total daily dose of about 640 mg; and the moderate CYP3A inducer,

wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma

(MCL), marginal zone lymphoma (MZL), or follicular lymphoma (FL).

223. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed label would involve treating or delaying progression of a B-cell proliferative disorder in a patient receiving a moderate CYP3A inducer, comprising concomitantly administering to the patient zanubrutinib at a total daily dose of about 640 mg and the moderate CYP3A inducer, wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), or follicular lymphoma (FL).

224. As a further example, claim 21 of the '531 patent recites

> 21. A method of treating or delaying progression of a B-cell proliferative disorder in a patient receiving a moderate CYP3A inducer, the method comprising
>
> assessing the patient as to whether administration of the moderate CYP3A inducer can be avoided; and
>
> if the administration of the moderate CYP3A inducer cannot be avoided, concomitantly administering to the patient zanubrutinib, or a pharmaceutically acceptable salt thereof, at a total daily dose of about 640 mg, and the moderate CYP3A inducer,
>
> wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), or follicular lymphoma (FL).

225. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed label would involve treating or delaying progression of a B-cell proliferative disorder in a patient receiving a moderate CYP3A inducer, comprising concomitantly administering to the patient zanubrutinib at a total daily dose of about 640 mg and the moderate CYP3A inducer, wherein the B-cell proliferative disorder is chronic lymphocytic

leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), or follicular lymphoma (FL).

226. In Zydus's Notice Letter, Zydus did not contest the infringement of claims 1 through 30 of the '531 patent on any basis other than the alleged invalidity of those claims.

227. The use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed product labeling would infringe claims 1 through 30 of the '531 patent.

228. Zydus's submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the '531 patent was an act of infringement of the '531 patent under 35 U.S.C. § 271(e)(2)(A).

229. Upon information and belief, Zydus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product immediately and imminently upon approval of its ANDA.

230. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Zydus's ANDA Product in accordance with and as directed by its proposed product labeling would infringe one or more claims of the '531 patent, either literally or under the doctrine of equivalents.

231. Upon information and belief, Zydus plans and intends to, and will, actively induce infringement of the '531 patent when Zydus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Zydus's activities will be done with knowledge of the '531 patent and specific intent to infringe that patent.

232. Upon information and belief, Zydus knows that Zydus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '531 patent, that Zydus's

43

ANDA Product is not a staple article or commodity of commerce, and that Zydus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  Upon information and belief, Zydus plans and intends to, and will, contribute to infringement of the '531 patent immediately and imminently upon approval of Zydus's ANDA.

233.    Notwithstanding Zydus's knowledge of the claims of the '531 patent, Zydus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Zydus's ANDA Product with its product labeling following FDA approval of Zydus's ANDA prior to the expiration of the '531 patent.

234.    The foregoing actions by Zydus constitute and/or will constitute infringement of the '531 patent; active inducement of infringement of the '531 patent; and/or contribution to the infringement by others of the '531 patent.

235.    Upon information and belief, Zydus has acted with full knowledge of the '531 patent and without a reasonable basis for believing that it would not be liable for infringement of the '531 patent; active inducement of infringement of the '531 patent; and/or contribution to the infringement by others of the '531 patent.

236.    BeOne will be substantially and irreparably damaged by infringement of the '531 patent.

237.    Unless Zydus is enjoined from infringing the '531 patent, actively inducing infringement of the '531 patent, and contributing to the infringement by others of the '531 patent, BeOne will suffer irreparable injury.  BeOne has no adequate remedy at law.

### Count XIV - Declaratory Judgment
### of Infringement of the '531 Patent

238.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

239. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between BeOne on the one hand and Zydus on the other regarding Zydus's infringement, active inducement of infringement, contribution to the infringement by others of the '531 patent, and/or the validity of the '531 patent.

240. The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Zydus's ANDA Product with its proposed labeling, or any other Zydus drug product that is covered by or whose use is covered by the '531 patent, will infringe, induce infringement of, and contribute to the infringement by others of the '531 patent, and that the claims of the '531 patent are not invalid.

### Count XV – Infringement of the '596 Patent

241. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

242. The '596 patent, entitled "Methods of treating B-cell proliferative disorder" (attached as Exhibit H), was duly and legally issued on February 13, 2024.

243. The inventors named on the '596 patent are Jason Paik, Tommi Salmi, Ying Ou, and Motohisa Takai.

244. BeOne Medicines I GmbH is the owner and assignee of the '596 patent.

245. Methods of using BRUKINSA® tablets are covered by one or more claims of the '596 patent, which has been listed in connection with BRUKINSA® tablets in the FDA's Orange Book.

246. In Zydus's Notice Letter, Zydus notified BeOne of the submission of Zydus's ANDA to the FDA. The purpose of this submission was to obtain, among other things, approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or

importation of Zydus's ANDA Product prior to the expiration of the Patents-in-Suit, including the '596 patent.

247. In Zydus's Notice Letter, Zydus also notified BeOne that, as part of its ANDA, Zydus had filed Paragraph IV certifications with respect to the '596 patent. Upon information and belief, Zydus submitted its ANDA to the FDA containing Paragraph IV certifications asserting that the '596 patent is invalid, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product.

248. According to Zydus's Notice Letter, Zydus's ANDA Product contains zanubrutinib.

249. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed labeling for that product would infringe one or more claims of the '596 patent.

250. As an example, claim 1 of the '596 patent recites:

A method of treating or delaying progression of a B-cell proliferative disorder in a patient receiving a moderate CYP3A inducer, the method comprising

concomitantly administering to the patient zanubrutinib, or a pharmaceutically acceptable salt thereof, at a dose of about 320 mg twice a day, and the moderate CYP3A inducer,

wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), or follicular lymphoma (FL); and

the moderate CYP3A inducer is rifabutin, bosentan, efavirenz, etravirine, modafinil, phenobarbital or nafcillin.

251. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed product labeling would involve a method of treating or

46

delaying progression of a B-cell proliferative disorder in a patient receiving a moderate CYP3A inducer, comprising administering to the patient zanubrutinib at a daily dose of about 320 mg twice a day and the moderate CYP3A inducer, wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), or follicular lymphoma (FL).

252.    As a further example, claim 9 of the '596 patent recites:

> A method of treating or delaying progression of a B-cell proliferative disorder in a patient receiving a moderate CYP3A inducer, the method comprising
>
> selecting the patient who is being treated with a moderate CYP3A inducer; and
>
> concomitantly administering to the selected patient zanubrutinib, or a pharmaceutically acceptable salt thereof, at a dose of about 320 mg twice a day, and the moderate CYP3A inducer,
>
> wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), follicular lymphoma (FL), or diffuse large B-cell lymphoma (DLBCL).

253.    Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed product labeling would involve a method of treating or delaying progression of a B-cell proliferative disorder in a patient receiving a moderate CYP3A inducer, comprising concomitantly administering to the patient zanubrutinib at a daily dose of about 320 mg twice a day and the moderate CYP3A inducer, wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), follicular lymphoma (FL), or diffuse large B-cell lymphoma (DLBCL).

47

254. Claim 18 of the '596 patent recites:

> A method of treating or delaying progression of a B-cell proliferative disorder in a patient receiving a moderate CYP3A inducer, the method comprising
>
> assessing the patient as to whether the patient can avoid being treated with the moderate CYP3A inducer;
>
> selecting the patient who cannot avoid being treated with the moderate CYP3A inducer; and
>
> concomitantly administering to the selected patient zanubrutinib, or a pharmaceutically acceptable salt thereof, at a dose of about 320 mg twice a day, and the moderate CYP3A inducer,
>
> wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), follicular lymphoma (FL), or diffuse large B-cell lymphoma (DLBCL).

255. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed product labeling would involve a method of treating or delaying progression of a B-cell proliferative disorder in a patient receiving a moderate CYP3A inducer, comprising concomitantly administering to the patient zanubrutinib at a total daily dose of about 640 mg and the moderate CYP3A inducer, wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), follicular lymphoma (FL), or diffuse large B-cell lymphoma (DLBCL).

256. In Zydus's Notice Letter, Zydus did not contest the infringement of claims 1–26 of the '596 patent on any basis other than the alleged invalidity of those claims.

257. The use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed product labeling would infringe claims 1–26 of the '596 patent.

258. Zydus's submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the '596 patent was an act of infringement of the '596 patent under 35 U.S.C. § 271(e)(2)(A).

259. Upon information and belief, Zydus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product immediately and imminently upon approval of its ANDA.

260. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Zydus's ANDA Product in accordance with and as directed by its proposed product labeling would infringe one or more claims of the '596 patent, either literally or under the doctrine of equivalents.

261. Upon information and belief, Zydus plans and intends to, and will, actively induce infringement of the '596 patent when Zydus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Zydus's activities will be done with knowledge of the '596 patent and specific intent to infringe that patent.

262. Upon information and belief, Zydus knows that Zydus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '596 patent, that Zydus's ANDA Product is not a staple article or commodity of commerce, and that Zydus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Zydus plans and intends to, and will, contribute to infringement of the '596 patent immediately and imminently upon approval of Zydus's ANDA.

263. Notwithstanding Zydus's knowledge of the claims of the '596 patent, Zydus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Zydus's

ANDA Product with its product labeling following FDA approval of Zydus's ANDA prior to the expiration of the '596 patent.

264. The foregoing actions by Zydus constitute and/or will constitute infringement of the '596 patent; active inducement of infringement of the '596 patent; and/or contribution to the infringement by others of the '596 patent.

265. Upon information and belief, Zydus has acted with full knowledge of the '596 patent and without a reasonable basis for believing that it would not be liable for infringement of the '596 patent; active inducement of infringement of the '596 patent; and/or contribution to the infringement by others of the '596 patent.

266. BeOne will be substantially and irreparably damaged by infringement of the '596 patent.

267. Unless Zydus is enjoined from infringing the '596 patent, actively inducing infringement of the '596 patent, and contributing to the infringement by others of the '596 patent, BeOne will suffer irreparable injury. BeOne has no adequate remedy at law.

### Count XVI - Declaratory Judgment of Infringement of the '596 Patent

268. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

269. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between BeOne on the one hand and Zydus on the other regarding Zydus's infringement, active inducement of infringement, contribution to the infringement by others of the '596 patent, and/or the validity of the '596 patent.

270. The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Zydus's ANDA Product with its proposed labeling, or any other Zydus drug

50

product that is covered by or whose use is covered by the '596 patent, will infringe, induce infringement of, and contribute to the infringement by others of the '596 patent, and that the claims of the '596 patent are not invalid.

### Count XVII – Infringement of the '386 Patent

271.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

272.    The '386 patent, entitled "Methods of treating B-cell proliferative disorder" (attached as Exhibit I), was duly and legally issued on February 27, 2024.

273.    The inventors named on the '386 patent are Jason Paik, Tommi Salmi, Ying Ou, and Motohisa Takai.

274.    BeOne Medicines I GmbH is the owner and assignee of the '386 patent.

275.    Methods of using BRUKINSA® tablets are covered by one or more claims of the '386 patent, which has been listed in connection with BRUKINSA® tablets in the FDA's Orange Book.

276.    In Zydus's Notice Letter, Zydus notified BeOne of the submission of Zydus's ANDA to the FDA.  The purpose of this submission was to obtain, among other things, approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Zydus's ANDA Product prior to the expiration of the Patents-in-Suit, including the '386 patent.

277.    In Zydus's Notice Letter, Zydus also notified BeOne that, as part of its ANDA, Zydus had filed Paragraph IV certifications with respect to the '386 patent.  Upon information and belief, Zydus submitted its ANDA to the FDA containing Paragraph IV certifications asserting that the '386 patent is invalid, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product.

278.    According to Zydus's Notice Letters, Zydus's ANDA Product contains zanubrutinib.

279.    Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed labeling for that product would infringe one or more claims of the '386 patent.

280.    As an example, claim 1 of the '386 patent recites

> A method of treating or delaying progression of a B-cell proliferative disorder in a patient, the method comprising administering to the patient zanubrutinib, or a pharmaceutically acceptable salt thereof, at a total daily dose of about 640 mg,
>
> wherein the patient is characterized by being administered with a moderate CYP3A inducer; and
>
> the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), or follicular lymphoma (FL).

281.    Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed label would involve treating or delaying progression of a B-cell proliferative disorder in a patient, comprising administering to the patient zanubrutinib at a total daily dose of about 640 mg and the moderate CYP3A inducer, wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), or follicular lymphoma (FL).

282.    As a further example, claim 11 of the '386 patent recites:

> A method of treating or delaying progression of a B-cell proliferative disorder in a patient, the method comprising
>
> selecting the patient who is being treated with a moderate CYP3A inducer; and

52

administering to the selected patient zanubrutinib, or a pharmaceutically acceptable salt thereof, at a dose of about 320 mg twice a day,

the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), follicular lymphoma (FL), or diffuse large B-cell lymphoma (DLBCL).

283.    Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed label would involve treating or delaying progression of a B-cell proliferative disorder in a patient, comprising administering to the patient zanubrutinib at a daily dose of about 320 mg twice a day and the moderate CYP3A inducer, wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), follicular lymphoma (FL), or diffuse large B-cell lymphoma (DLBCL).

284.    As a further example, claim 21 of the '386 patent recites:

A method of treating or delaying progression of a B-cell proliferative disorder in a patient receiving a moderate CYP3A inducer, the method comprising

assessing the patient as to whether the receipt of the moderate CYP3A inducer can be avoided;

selecting the patient who is being treated with the moderate CYP3A inducer; and

administering to the selected patient zanubrutinib, or a pharmaceutically acceptable salt thereof, at a dose of about 320 mg twice a day,

the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), follicular lymphoma (FL), or diffuse large B-cell lymphoma (DLBCL).

53

285. Upon information and belief, the use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed label would involve treating or delaying progression of a B-cell proliferative disorder in a patient receiving a moderate CYP3A inducer, comprising administering to the patient zanubrutinib at a daily dose of about 320 mg twice a day and the moderate CYP3A inducer, wherein the B-cell proliferative disorder is chronic lymphocytic leukemia (CLL), small lymphocytic lymphoma (SLL), Waldenström macroglobulinemia (WM), mantle cell lymphoma (MCL), marginal zone lymphoma (MZL), follicular lymphoma (FL), or diffuse large B-cell lymphoma (DLBCL).

286. In Zydus's Notice Letter, Zydus did not contest the infringement of claims 1–11, 13–21, and 23–30 of the '386 patent on any basis other than the alleged invalidity of those claims.

287. The use of Zydus's ANDA Product in accordance with and as directed by Zydus's proposed product labeling would infringe claims 1–11, 13–21, and 23–30 of the '386 patent.

288. Zydus's submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the '386 patent was an act of infringement of the '386 patent under 35 U.S.C. § 271(e)(2)(A).

289. Upon information and belief, Zydus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product immediately and imminently upon approval of its ANDA.

290. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Zydus's ANDA Product in accordance with and as directed by its proposed product labeling would infringe one or more claims of the '386 patent, either literally or under the doctrine of equivalents.

291. Upon information and belief, Zydus plans and intends to, and will, actively induce infringement of the '386 patent when Zydus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Zydus's activities will be done with knowledge of the '386 patent and specific intent to infringe that patent.

292. Upon information and belief, Zydus knows that Zydus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '386 patent, that Zydus's ANDA Product is not a staple article or commodity of commerce, and that Zydus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Zydus plans and intends to, and will, contribute to infringement of the '386 patent immediately and imminently upon approval of Zydus's ANDA.

293. Notwithstanding Zydus's knowledge of the claims of the '386 patent, Zydus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Zydus's ANDA Product with its product labeling following FDA approval of Zydus's ANDA prior to the expiration of the '386 patent.

294. The foregoing actions by Zydus constitute and/or will constitute infringement of the '596 patent; active inducement of infringement of the '386 patent; and/or contribution to the infringement by others of the '386 patent.

295. Upon information and belief, Zydus has acted with full knowledge of the '386 patent and without a reasonable basis for believing that it would not be liable for infringement of the '386 patent; active inducement of infringement of the '386 patent; and/or contribution to the infringement by others of the '386 patent.

296. BeOne will be substantially and irreparably damaged by infringement of the '386 patent.

297.    Unless Zydus is enjoined from infringing the '386 patent and/or actively inducing infringement of the '386 patent, BeOne will suffer irreparable injury.  BeOne has no adequate remedy at law.

<strong>Count XVIII - Declaratory Judgment<br>of Infringement of the '386 Patent</strong>

298.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

299.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between BeOne on the one hand and Zydus on the other regarding Zydus's infringement, active inducement of infringement, contribution to the infringement by others of the '386 patent, and/or the validity of the '386 patent.

300.    The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Zydus's ANDA Product with its proposed labeling, or any other Zydus drug product that is covered by or whose use is covered by the '386 patent, will infringe, induce infringement of, and contribute to the infringement by others of the '386 patent, and that the claims of the '386 patent are not invalid.

<strong>Count XIX – Infringement of the '069 Patent</strong>

301.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

302.    The '069 patent, entitled "Oral solid tablet comprising Bruton's Tyrosine Kinase inhibitor and preparation method therefor" (attached as Exhibit J), was duly and legally issued on February 25, 2025.

303.    The inventors named on the '069 patent are Gang Qiu, Yiwei Shen, Wenyuan Fan, Shuo Xu, Huiru Lv, Jialin Bian, and Zhengming Du.

304.    BeOne Medicines I GmbH is the owner and assignee of the '069 patent.

305. BRUKINSA® tablets are covered by one or more claims of the '069 patent, which has been listed in connection with BRUKINSA® tablets in the FDA's Orange Book.

306. In Zydus's Notice Letter, Zydus notified BeOne of the submission of Zydus's ANDA to the FDA. The purpose of this submission was to obtain, among other things, approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Zydus's ANDA Product prior to the expiration of the Patents-in-Suit, including the '069 patent.

307. In Zydus's Notice Letter, Zydus also notified BeOne that, as part of its ANDA, Zydus had filed Paragraph IV certifications with respect to the '069 patent. Upon information and belief, Zydus submitted its ANDA to the FDA containing Paragraph IV certifications asserting that the '069 patent will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product.

308. According to Zydus's Notice Letter, Zydus's ANDA Product contains zanubrutinib.

309. Upon information and belief, Zydus's ANDA Product and the use of Zydus's ANDA Product are covered by one or more claims of the '069 patent.

310. As an example, claim 1 of the '069 patent recites

A solid tablet for oral administration comprising:

80 mg, 160 mg, or 320 mg micronized zanubrutinib in crystal form A;

a filler comprising lactose in an amount of about 20% to about 70% by mass of the solid tablet; and

a glidant in an amount from about 0.1% to about 20% by mass of the solid tablet, wherein the glidant is powdered cellulose, magnesium trisilicate, colloidal silica, talc powder, or any combination thereof,

57

provided that if the solid tablet contains lactose as the only filler in the solid tablet, the amount of lactose in the solid tablet is not less than that of zanubrutinib,

wherein at least about 80% of zanubrutinib is dissolved within 60 minutes in a solution having a pH value of about 1.2 and comprising sodium lauryl sulfate in an amount of about 0.5% by mass of the solution at a temperature of $37\pm0.5°$ C. with a rotating speed of 100 rpm.

311. Upon information and belief, Zydus's ANDA Product is a solid tablet for oral administration comprising the elements recited in claim 1, either literally or under the doctrine of equivalents.

312. As a further example, claim 17 of the '069 patent recites:

A solid tablet, comprising:

80 mg, 160 mg, or 320 mg micronized zanubrutinib in crystal form A;

colloidal silica in an amount of about 0.88% to about 12% by mass of the solid tablet;

microcrystalline cellulose in an amount of about 30% to about 50% by mass of the solid tablet;

polyvinylpyrrolidone in an amount less than about 5% by mass of the solid tablet;

croscarmellose sodium in an amount of about 0.5% to about 5% by mass of the solid tablet;

sodium lauryl sulfate in an amount of about 0.5% to about 1.0% by mass of the solid tablet; and

magnesium in an amount of about 0.3% to about 1% by mass of the solid tablet, wherein at least about 80% of zanubrutinib is dissolved within 60 minutes in a solution having a pH value of about 1.2 and comprising sodium lauryl sulfate in an amount of about 0.5% by mass of the solution at a temperature of $37\pm0.5°$ C. with a rotating speed of 100 rpm.

313. Upon information and belief, Zydus's ANDA Product is a solid tablet comprising the elements recited in claim 23, either literally or under the doctrine of equivalents.

58

314. Upon information and belief, Zydus's ANDA Product infringes claims 1 through 23 of the '069 patent, literally or under the doctrine of equivalents.

315. Zydus's submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the '069 patent was an act of infringement of the '069 patent under 35 U.S.C. § 271(e)(2)(A).

316. Upon information and belief, Zydus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product immediately and imminently upon approval of its ANDA.

317. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Zydus's ANDA Product would infringe one or more claims of the '069 patent, either literally or under the doctrine of equivalents.

318. Upon information and belief, Zydus plans and intends to, and will, actively induce infringement of the '069 patent when Zydus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Zydus's activities will be done with knowledge of the '069 patent and specific intent to infringe that patent.

319. Upon information and belief, Zydus knows that Zydus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '069 patent, that Zydus's ANDA Product is not a staple article or commodity of commerce, and that Zydus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Zydus plans and intends to, and will, contribute to infringement of the '069 patent immediately and imminently upon approval of Zydus's ANDA.

320.    Notwithstanding Zydus's knowledge of the claims of the '069 patent, Zydus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Zydus's ANDA Product with its product labeling following FDA approval of Zydus's ANDA prior to the expiration of the '069 patent.

321.    The foregoing actions by Zydus constitute and/or will constitute infringement of the '069 patent; active inducement of infringement of the '069 patent; and/or contribution to the infringement by others of the '069 patent.

322.    Upon information and belief, Zydus has acted with full knowledge of the '069 patent and without a reasonable basis for believing that it would not be liable for infringement of the '069 patent; active inducement of infringement of the '069 patent; and/or contribution to the infringement by others of the '069 patent.

323.    BeOne will be substantially and irreparably damaged by infringement of the '069 patent.

324.    Unless Zydus is enjoined from infringing the '069 patent, actively inducing infringement of the '069 patent, and contributing to the infringement by others of the '069 patent, BeOne will suffer irreparable injury.  BeOne has no adequate remedy at law.

### Count XX - Declaratory Judgment of Infringement of the '069 Patent

325.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

326.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between BeOne on the one hand and Zydus on the other regarding Zydus's infringement, active inducement of infringement, contribution to the infringement by others of the '069 patent, and/or the validity of the '069 patent.

327.    The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Zydus's ANDA Product with its proposed labeling, or any other Zydus drug product that is covered by or whose use is covered by the '069 patent, will infringe, induce infringement of, and contribute to the infringement by others of the '069 patent, and that the claims of the '069 patent are not invalid.

## PRAYER FOR RELIEF

WHEREFORE, BeOne requests the following relief:

(a)    A judgment that the Patents-in-Suit have been infringed under 35 U.S.C. § 271(e)(2) by Zydus's submission to the FDA of Zydus's ANDA;

(b)    A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of Zydus's ANDA Product, or any other drug product that infringes or the use of which infringes the Patents-in-Suit, be not earlier than the latest expiration date of said patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)    A preliminary and permanent injunction enjoining Zydus, and all persons acting in concert with Zydus, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Zydus's ANDA Product, or any other drug product covered by or whose use is covered by the Patents-in-Suit, prior to the latest expiration date of said patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Zydus's ANDA Product, or any other drug product covered by or whose use is covered by the Patents-in-Suit, prior to the latest expiration date of said patents, will infringe, induce the infringement and contribute to infringement by others of said patents;

(e)    A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

61

(f)        Costs and expenses in this action; and

(g)        Such further and other relief as this Court may deem just and proper.

Dated: February 25, 2026

By: *s/Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
**WALSH PIZZI O'REILLY FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law
koreilly@walsh.law
cclark@walsh.law

OF COUNSEL:
David I. Berl
Christopher J. Mandernach
Michael Xun Liu
Christie K. Corn
Molly K. Moore
Nicholas C. Fuenzalida
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
dberl@wc.com
cmandernach@wc.com
mliu@wc.com
ccorn@wc.com
mmoore@wc.com
nfuenzalida@wc.com

*Counsel for Plaintiffs BeOne Medicines
USA, Inc. and BeOne Medicines I GmbH*

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending litigation in any court, administrative proceeding, or arbitration proceeding, nor are there any non-parties known to Plaintiffs that should be joined to this action.

Dated: February 25, 2026

By: *s/Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
**WALSH PIZZI O'REILLY FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law
koreilly@walsh.law
cclark@walsh.law

OF COUNSEL:
David I. Berl
Christopher J. Mandernach
Michael Xun Liu
Christie K. Corn
Molly K. Moore
Nicholas C. Fuenzalida
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
dberl@wc.com
cmandernach@wc.com
mliu@wc.com
ccorn@wc.com
mmoore@wc.com
nfuenzalida@wc.com

*Counsel for Plaintiffs BeOne Medicines USA, Inc. and BeOne Medicines I GmbH*

63

## <u>LOCAL RULE 201.1 CERTIFICATION</u>

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiffs seek, *inter alia*, injunctive relief.

Dated: February 25, 2026

By: *s/Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
**WALSH PIZZI O'REILLY FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law
koreilly@walsh.law
cclark@walsh.law


OF COUNSEL:
David I. Berl
Christopher J. Mandernach
Michael Xun Liu
Christie K. Corn
Molly K. Moore
Nicholas C. Fuenzalida
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
dberl@wc.com
cmandernach@wc.com
mliu@wc.com
ccorn@wc.com
mmoore@wc.com
nfuenzalida@wc.com


*Counsel for Plaintiffs BeOne Medicines
USA, Inc. and BeOne Medicines I GmbH*